James G. Snell (Bar No. 173070)
jsnell@perkinscoie.com
PERKINS COIE LLP
3150 Porter Drive
Palo Alto, California 94304-1212
Telephone: (650) 838.4300
Facsimile:   (650) 838.4350

Nicola C. Menaldo, *pro hac vice pending*
nmenaldo@perkinscoie.com
PERKINS COIE LLP
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Telephone: (206) 359-8000
Facsimile:  (206) 359-9000

Attorneys for Defendant
Uber Technologies, Inc.

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ASFIKE KOLLOUKIAN, on behalf of herself and those similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>UBER TECHNOLOGIES, INC.,<br><br>Defendant. | Case No. CV 15-2856-PSG-JEM<br><br>**DEFENDANT'S NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF'S COMPLAINT AND TO STRIKE CLASS ALLEGATIONS**<br><br>**[FED. R. CIV. P. 12(b)(1) & 12(f)]**<br><br>Date:      August 31, 2015<br>Time:      1:30 p.m.<br>Courtroom: 880<br>Judge:     Hon. Philip S. Gutierrez |

**TO THE COURT, ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

PLEASE TAKE NOTICE that on Monday, August 31, 2015, at 1:30 p.m. in Courtroom 880 of the United States District Court for the Central District of California, located at 255 East Temple Street Los Angeles, CA, 90012-3332, Uber

-1-

MOTION TO DISMISS PLAINTIFF'S COMPLAINT
AND TO STRIKE CLASS ALLEGATIONS
Case No. CV 15-2856-PSG-JEM
LEGAL126734599.13

PERKINS COIE LLP
3150 Porter Drive
Palo Alto, CA 94304
Telephone: 650.838.4300
Facsimile: 650.838.4350

Technologies Inc. ("Uber") will move, and hereby does move, for an Order pursuant to Federal Rule of Civil Procedure 12(b)(1) dismissing plaintiff's TCPA claim for lack of standing because the phone number at issue is publicly listed as belonging to Plaintiff's counsel rather than Plaintiff; for an Order pursuant to Federal Rule of Civil Procedure 12(b)(1) or 12(b)(6) dismissing Plaintiff's claim arising under Cal. Bus. & Prof. Code § 17200, *et seq.* because it relies on Plaintiff's unfounded TCPA claim and because Plaintiff has failed to allege she suffered economic damages; and should the Court not dispose of the case in its entirety on those grounds, for an Order pursuant to Federal Rule of Civil Procedure 12(f) striking plaintiff's class allegations for conflict of interest because Plaintiff's counsel Nazo Koulloukian appears to be Plaintiff's son.

This Motion is based on this Notice of Motion and Motion, the attached Memorandum of Points and Authorities, the concurrently filed Request for Judicial Notice, the Declaration of James G. Snell in Support of Defendant's Request for Judicial Notice ("Snell Decl."), all pleadings and papers on file in this action, and such other and further matters as the Court may consider.

This motion is made following the conference of counsel pursuant to L.R. 7-3. Defendant first raised the issues set forth in this Motion on June 5, 2015, in connection with the parties' stipulated extension of the response date. Snell Decl. ¶ 8. After Plaintiff's counsel did not respond regarding these issues, counsel for Defendant followed up by letter on June 22, 2015, requesting a response by June 24, 2015. *Id.* Counsel for Plaintiff did not respond but instead deferred discussion until July 2, 2015, at which time counsel discussed the issues by telephone pursuant to L.R. 7-3. On July 6, 2015, Plaintiff's counsel Andre Jardini informed Defendant's counsel that the Joseph Farzam would be withdrawing as counsel for Plaintiff. *Id.* ¶ 10. Mr. Farzam, however, has yet to effect a withdrawal from this case. Even if he did, Mr. Farzam's withdrawal would not cure the conflict issue

-2-

MOTION TO DISMISS PLAINTIFF'S COMPLAINT
AND TO STRIKE CLASS ALLEGATIONS
Case No. CV 15-2856-PSG-JEM
LEGAL126734599.13

PERKINS COIE LLP
3150 Porter Drive
Palo Alto, CA 94304
Telephone: 650.838.4300
Facsimile: 650.838.4350

addressed in this Motion because the close relationship between counsel would remain (e.g., Mr. Jardini is also listed as co-counsel at Mr. Farzam's firm), as addressed in greater detail below. *Id.*

DATED: July 10, 2015

**PERKINS COIE LLP**

By: /s/ *James Snell*

James G. Snell
Nicola C. Menaldo
Attorneys for Defendant
Uber Technologies, Inc.

-3-

MOTION TO DISMISS PLAINTIFF'S COMPLAINT
AND TO STRIKE CLASS ALLEGATIONS
Case No. CV 15-2856-PSG-JEM
LEGAL126734599.13

PERKINS COIE LLP
3150 Porter Drive
Palo Alto, CA 94304
Telephone: 650.838.4300
Facsimile: 650.838.4350

# TABLE OF CONTENTS

Page(s)

I. INTRODUCTION ..................................................................................... 1

II. STATEMENT OF FACTS ....................................................................... 1

    A. Plaintiff's Complaint ................................................................. 1

    B. The Phone Number At Issue Is Publicly Listed as Belonging to
    Plaintiff's Counsel, Not Plaintiff ............................................... 2

    C. Plaintiff Is Closely Related to Plaintiff's Counsel ................... 3

III. ARGUMENT ........................................................................................... 3

    A. Plaintiff's TCPA Claim Should Be Dismissed for Lack of
    Subject Matter Jurisdiction Pursuant to Fed. R. Civ. P. 12(b)(1) ........ 3

        1. Plaintiff Must Have Standing to Pursue Her Claims ................. 3

        2. Plaintiff Has Not Demonstrated Standing And the Phone
        Number at Issue Is Listed as Belonging to Plaintiff's
        Counsel, Not Plaintiff ................................................................ 6

    B. Plaintiff's UCL Claim Should Be also Dismissed For Lack of
    Subject Matter Jurisdiction Pursuant to Fed. R. Civ. P. 12(b)(1) ........ 8

    C. Plaintiff's Class Allegations Should Be Stricken Pursuant to
    Fed. R. Civ. P. 12(f) Because She Is Related to Plaintiff's
    Counsel ....................................................................................... 9

        1. Courts May Strike Class Allegations Where a Plaintiff
        Would Be an Inadequate Class Representative ....................... 10

        2. Plaintiff Cannot Adequately Represent the Interests of
        Class Members ......................................................................... 11

IV. CONCLUSION ..................................................................................... 15

MOTION TO DISMISS PLAINTIFF'S COMPLAINT
AND TO STRIKE CLASS ALLEGATIONS
Case No. CV 15-2856-PSG-JEM
LEGAL126734599.13

Perkins Coie LLP
3150 Porter Drive
Palo Alto, CA 94304
Telephone: 650.838.4300
Facsimile: 650.838.4350

# TABLE OF AUTHORITIES

**Page(s)**

CASES

*Apple Computer Inc. v. Sup. Ct.*,
    126 Cal. App. 4th 1253 (2005)..........................................................10, 11, 12, 14

*Bell v. Hood*,
    327 U.S. 678 (1946) ........................................................................................5

*Berardinelli v. Castle & Cooke Inc.*,
    587 F.2d 37 (9th Cir. 1978)..............................................................................5

*Cellco P'ship v. Dealers Warranty, LLC*,
    No. 09-1814 (FLW), 2010 WL 3946713 (D.N.J. Oct. 5, 2010) ......................7, 8

*Charal v. Andes*,
    81 F.R.D. 99 (E.D. Penn. 1979) ...................................................................11, 12

*Charkchyan v. EZ Capital, Inc.*,
    No. 2:14-CV-03564-ODW (ASX), 2015 WL 3660315 (C.D. Cal.
    June 11, 2015).................................................................................................7

*Christman v. Bruavin Realty Advisors, Inc.*,
    191 F.R.D. 142 (N.D.Ill. 1999) .......................................................................10

*Edwards v. First Am. Corp.*,
    610 F.3d 514 (9th Cir. 2010).........................................................................4, 6

*Fraley v. Facebook, Inc.*,
    830 F. Supp. 2d 785 (N.D. Cal. 2011).............................................................5

*Friends of the Earth, Inc. v. Laidlaw Envtl. Servs. (TOC), Inc.*,
    528 U.S. 167 (2000) ........................................................................................4

*Gladstone Realtors v. Vill. of Bellwood*,
    441 U.S. 91 (1979) ..........................................................................................8

*Gough v. Rossmoor Corp.*,
    487 F.2d 373 (9th Cir. 1973)............................................................................5

*Gratz v. Bollinger*,
    539 U.S. 244 (2003) ........................................................................................4

*Gutierrez v. Barclays Group*,
    No. 10cv1012 DMS (BGS), 2011 WL 579238 (S.D. Cal. Feb. 9,
    2011)...............................................................................................................7

-ii-

MOTION TO DISMISS PLAINTIFF'S COMPLAINT
AND TO STRIKE CLASS ALLEGATIONS
Case No. CV 15-2856-PSG-JEM
LEGAL126734599.13

PERKINS COIE LLP
3150 Porter Drive
Palo Alto, CA 94304
Telephone: 650.838.4300
Facsimile: 650.838.4350

*Hale v. Citibank N.A.*,
   198 F.R.D. 606 (S.D.N.Y. 2001) ............................................................... 10, 12, 13

*Heinrichs v. Wells Fargo Bank, N.A.*,
   No. C 13-05434 WHA, 2014 WL 2142457 (N.D. Cal. Apr. 15,
   2014) .......................................................................................................................... 6

*Hovsepian v. Apple, Inc.*,
   No. 8-5788 JF (PVT), 2009 WL 5069144 (N.D. Cal. Dec.17, 2009) ................ 10

*In re California Micro Devices Secs. Litig.*,
   168 F.R.D. 257 (N.D. Cal. 1996) ....................................................................... 11

*J2 Global Commc'ns, Inc. v. Protus IP Solutions*,
   No. CV 06-00566 DDP AJWX, 2010 WL 9446806 (C.D. Cal. Oct.
   1, 2010) .................................................................................................................... 8

*Jaroslawicz v. Safety Kleen Corp.*,
   151 F.R.D. 324 (N.D. Ill. 1993) ........................................................................ 14

*Kamm v. Cal. City Dev. Co.*,
   509 F.2d 205 (9th Cir. 1975) .............................................................................. 10

*Kendall v. Visa U.S.A., Inc.*,
   518 F.3d 1042 (9th Cir. 2008) .............................................................................. 8

*Kopff v. World Research Group, LLC*,
   568 F. Supp. 2d 39 (D.D.C. 2008) ....................................................................... 8

*Kramer v. Scientific Control Corp.*,
   534 F.2d 1085 (3rd Cir. 1976) ................................................................... 12, 13, 14

*Kwikset v. Super. Ct.*,
   51 Cal. 4th 310 (2011) .......................................................................................... 9

*Leyse v. Bank of Am., Nat. Ass'n*,
   No. 09 CIV. 7654 (JGK), 2010 WL 2382400 (S.D.N.Y. June 14,
   2010) ............................................................................................................. 5, 7, 14

*Lierboe v. State Farm Mut. Auto. Ins. Co.*,
   350 F.3d 1018 (9th Cir. 2003) .............................................................................. 4

*Lujan v. Defenders of Wildlife*,
   504 U.S. 555 (1992) .............................................................................................. 4

*Lyon v. State of Arizona*,
   80 F.R.D. 665 (D. Ariz. 1978) ..................................................................... 12, 13

-iii-

MOTION TO DISMISS PLAINTIFF'S COMPLAINT
AND TO STRIKE CLASS ALLEGATIONS
Case No. CV 15-2856-PSG-JEM
LEGAL126734599.13

PERKINS COIE LLP
3150 Porter Drive
Palo Alto, CA 94304
Telephone: 650.838.4300
Facsimile: 650.838.4350

*Meyer v. Bebe Stores, Inc.*,
   No. 14-cv-00267-YGR, 2015 WL 431148
   (N.D. Cal. Feb. 2, 2015) .................................................................. 9

*Missud v. Oakland Coliseum Joint Venture*,
   No. 12-02967 JCS, 2013 WL 812428
   (N.D. Cal. March 5, 2014) ......................................................... 11, 14

*O'Shea v. Littleton*,
   414 U.S. 488 (1974) ...................................................................... 4

*Olney v. Progressive Cas. Ins. Co.*,
   993 F. Supp. 2d 1220 (S.D. Cal. 2014) .......................................... 7

*Page v. Regions Bank*,
   917 F. Supp. 2d 1214 (N.D. Ala. 2012) ......................................... 7

*Raines v. Byrd*,
   521 U.S. 811 (1997) .................................................................. 4, 8

*Renick v. Dun & Bradstreet Receivable Mgmt. Servs.*,
   290 F.3d 1055 (9th Cir. 2002) ...................................................... 9

*Safe Air for Everyone*, 373 F.3d 1035 (9th Cir. 2004) ...................... 5, 6

*Savage v. Glendale Union High Sch., Dist. No. 205,*
   *Maricopa Cnty.*, 343 F.3d 1036 (9th Cir. 2003) ............................ 5

*Spokeo, Inc. v. Robins*,
   135 S. Ct. 1892, 2015 WL 1879778 (Apr. 27, 2015) ..................... 4, 6

*Susman v. Lincoln Am. Corp.*,
   561 F.2d 86 (7th Cir. 1977) .................................................... passim

*Sutcliffe v. Wells Fargo Bank, N.A.*,
   No. C-11-06595 JCS, 2012 WL 4835325
   (N.D. Cal. Oct. 9, 2012) ............................................................. 10

*Van Patten v. Vertical Fitness Grp., LLC*,
   22 F. Supp. 3d 1069 (S.D. Cal. 2014) ............................................ 9

*Warth v. Seldin*,
   422 U.S. 490 (1975) ...................................................................... 4

*Watkins v. Sanders*,
   No. 08-CV-1615-W-BLM,
   2008 WL 5233184 (S.D. Cal. Dec. 12, 2008) ................................ 11

-iv-

MOTION TO DISMISS PLAINTIFF'S COMPLAINT
AND TO STRIKE CLASS ALLEGATIONS
Case No. CV 15-2856-PSG-JEM
LEGAL126734599.13

Perkins Coie LLP
3150 Porter Drive
Palo Alto, CA 94304
Telephone: 650.838.4300
Facsimile: 650.838.4350

*White v. Experian Info. Solutions, Inc.*,
   No. SACV 05-1070 DOC MLG,
   2009 WL 4267843 (C.D. Cal. Nov. 23, 2009) ................................................... 10

*Whittlestone, Inc. v. Handi-Craft Co.*,
   618 F.3d 970 (9th Cir. 2010) ............................................................................ 10

*Zlotnick v. Tie Commc's, Inc.*,
   123 F.R.D. 189 (E.D. Penn. 1988) ............................................................ 11, 12

**STATUTES**

Cal. Bus. & Prof. Code § 17204 ............................................................................. 9

California's Unfair Competition Law,
   Cal. Bus. & Prof. Code § 17200, *et seq.* ....................................................... 1, 8, 9

Telephone Consumer Protection Act,
   47 U.S.C. § 227(b)(1)(A)(iii) ....................................................................... 1, 2, 6

**RULES**

Fed. R. Civ. P. 12(b)(1) ............................................................................. 1, 3, 5, 8

Fed. R. Civ. P. 12(f) ...................................................................................... 1, 9, 10

**OTHER AUTHORITIES**

5B Fed. Prac. & Proc. Civ. § 1350 (3d ed.) ........................................................... 5

7A Fed. Prac. & Proc. Civ. § 1765 (3d ed.) ......................................................... 10

1 Newberg on Class Actions (4th ed.2002) ........................................................... 12

MOTION TO DISMISS PLAINTIFF'S COMPLAINT
AND TO STRIKE CLASS ALLEGATIONS
Case No. CV 15-2856-PSG-JEM
LEGAL126734599.13

PERKINS COIE LLP
3150 Porter Drive
Palo Alto, CA 94304
Telephone: 650.838.4300
Facsimile: 650.838.4350

## <u>MEMORANDUM OF POINTS AND AUTHORITIES</u>

## I.      INTRODUCTION

This Court should dismiss Plaintiff Asfike Kolloukian's Complaint under Federal Rule of Civil Procedure 12(b)(1) because the phone number at issue appears to belong to a lawyer at Plaintiff's firm, not Plaintiff.  Plaintiff's unfair competition claim should be dismissed for lack of standing as well.  In the alternative, the Court should strike Plaintiff's class allegations pursuant to Federal Rule of Civil Procedure 12(f) because she appears to be a close family member of class counsel.  In the interest of judicial economy, Uber should not have to face protracted litigation where it appears that Plaintiff cannot show she was the "called party" as required for standing under the Telephone Consumer Protection Act and is closely related to class counsel.

## II.      STATEMENT OF FACTS

### A.      Plaintiff's Complaint

Plaintiff filed this action on April 17, 2015, represented by Knapp, Peterson & Clarke (Andre Jardini and K.L. Myles) and the Joseph Farzam Law Firm (Joseph Farzam).  Compl., Caption.  Plaintiff alleges that, starting in June of 2014, she began "receiv[ing]" unsolicited text messages from Uber.  *Id.* ¶ 15.  She claims that she never subscribed to any Uber service or provided Uber with her cellular telephone number.  *Id.* ¶ 14.  Plaintiff claims that Uber's text messages violate the TCPA and California's Unfair Competition Law, Cal. Bus. & Prof. Code § 17200, *et seq.* ("UCL").  Compl. ¶¶ 27-43.  She brings the action on behalf of herself and a proposed class of other individuals and seeks statutory damages under the TCPA of $500 to $1,500 for each alleged violation.  *Id.*  ¶¶ 16-26.  Plaintiff also seeks an injunction under the UCL, actual damages, costs, and attorney's fees.  *Id.* at p. 11 (Prayer for Relief).

-1-

MOTION TO DISMISS PLAINTIFF'S COMPLAINT
AND TO STRIKE CLASS ALLEGATIONS
Case No. CV 15-2856-PSG-JEM

PERKINS COIE LLP
3150 Porter Drive
Palo Alto, CA 94304
Telephone: 650.838.4300
Facsimile: 650.838.4850

LEGAL126734599.13

Plaintiff asserts that this Court has subject matter jurisdiction to hear her Complaint because the case arises under the TCPA. Compl. ¶ 5. She claims she is an adequate representative of the proposed class because she has selected attorneys with experience in the prosecution of consumer class actions and actions under the TCPA. *Id.* ¶ 24.

### B. The Phone Number At Issue Is Publicly Listed as Belonging to Plaintiff's Counsel, Not Plaintiff

Plaintiff acknowledges that the Telephone Consumer Protection Act only applies in the absence of consent from the "called party," Compl., ¶ 29, but Plaintiff does not identify her alleged number in the Complaint or allege how she is the called party. *See, e.g.,* Compl., ¶¶ 14, 20. Counsel for Uber contacted Plaintiff's counsel on June 2, 2015 and requested the phone number at issue in Plaintiff's Complaint. Snell Decl. ¶ 2. Counsel for Plaintiff responded by email stating that "the phone number at issue" is 818-389-3862. *Id.* at Ex. A.

That phone number, however, is not listed as belonging to Plaintiff, but instead is publicly listed as belonging to Nazo Koulloukian, an attorney at the Joseph Farzam Law Firm representing Plaintiff in this action. *See* Request for Judicial Notice; Declaration of James G. Snell in Support of Defendant's Request for Judicial Notice ("Snell Decl."), Ex. B (Attorney Law Practice Website Ratings website listing attorney Nazo Leon Koulloukian's phone number as 818-389-3862); Ex. C (36Lawyers.com website also listing attorney Nazo Leon Koulloukian's phone number as 818-389-3862); Ex. D (Joseph Farzam Law Firm website listing Nazo Koulloukian as an attorney practicing at the firm); Ex. E (California State Bar website listing Nazo Koulloukian as an attorney at the Joseph Farzam Law Firm).

-2-

MOTION TO DISMISS PLAINTIFF'S COMPLAINT
AND TO STRIKE CLASS ALLEGATIONS
Case No. CV 15-2856-PSG-JEM

LEGAL126734599.13

PERKINS COIE LLP
3150 Porter Drive
Palo Alto, CA 94304
Telephone: 650.838.4300
Facsimile: 650.838.4350

### C.    Plaintiff Is Closely Related to Plaintiff's Counsel

Attorney Nazo Koulloukian, also appears to be Plaintiff's son:  he shares the same last name as Plaintiff and her husband,[1] his middle name (Leon) is the same as Plaintiff's husband's first name,[2] and his publicly listed address is a home owned by Plaintiff and her husband.  *Id.* at Exs. B-C (two separate websites listing a particular Burbank, California address as Nazo Leon Koulloukian's address); Exs. F-G (website and deed of trust showing Asfike and Leon Koulloukian as owners via trust of the property at the same Burbank, California address associated with Nazo Koulloukian).

Plaintiff's counsels' firms—Knapp, Petersen & Clarke and the Joseph Farzam Law Firm—are also closely related.  Although the Complaint lists Andre Jardini as an attorney from Knapp, Petersen & Clarke, he is also listed as one of only four attorneys under the "our attorneys" section of the Joseph Farzam Law Firm website, directly below attorney Nazo Koulloukian.  *Id.* at Ex. D (website listing attorneys Farzam, Koulloukian, Jardini and Salehi).

## III.    ARGUMENT

### A.    Plaintiff's TCPA Claim Should Be Dismissed for Lack of Subject Matter Jurisdiction Pursuant to Fed. R. Civ. P. 12(b)(1)

#### 1.    Plaintiff Must Have Standing to Pursue Her Claims

To establish Article III standing, a plaintiff must demonstrate that she can satisfy three irreducible requirements: (1) she personally suffered an "injury in fact," *i.e.*, "an invasion of a legally protected interest which is (a) concrete and particularized, and (b) actual or imminent, not conjectural or hypothetical"; (2) the injury is "fairly traceable to the challenged action of the defendant"; and (3) it is

---

[1] Although Plaintiff's last name is spelled "Kolloukian" in the Complaint, public sources indicate that Plaintiff's name is actually spelled Asfike Koulloukian.  *See* Snell Decl. Exs. F & G (using the spelling Koulloukian in connection with Asfike).

[2] A Trust Transfer Deed describes Leon C. Koulloukian and Asfike N. Koulloukian as "husband and wife."  Snell Decl. at Ex. G.

MOTION TO DISMISS PLAINTIFF'S COMPLAINT
AND TO STRIKE CLASS ALLEGATIONS
Case No. CV 15-2856-PSG-JEM

LEGAL126734599.13

PERKINS COIE LLP
3150 Porter Drive
Palo Alto, CA 94304
Telephone: 650.838.4300
Facsimile: 650.838.4350

1   "likely, as opposed to merely speculative, that the injury will be redressed by a

2   favorable decision." *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560–61 (1992)

3   (internal citations, quotation marks, and alterations omitted); *Friends of the Earth,*

4   *Inc. v. Laidlaw Envtl. Servs. (TOC), Inc*., 528 U.S. 167, 180–81 (2000).

5         In addition, named plaintiffs representing a class "must allege and show that

6   they personally have been injured, not that injury has been suffered by other,

7   unidentified members of the class to which they belong and which they purport to

8   represent." *Gratz v. Bollinger*, 539 U.S. 244, 289 (2003) (internal quotation marks

9   and citations omitted).  "[I]f none of the named plaintiffs purporting to represent a

10  class establishes the requisite of a case or controversy with the defendants, none

11  may seek relief on behalf of himself or any other member of the class."  *O'Shea v.*

12  *Littleton*, 414 U.S. 488, 494 (1974); *Lierboe v. State Farm Mut. Auto. Ins. Co*., 350

13  F.3d 1018, 1022 (9th Cir. 2003).

14        At present, the injury-in-fact requirement of Article III may be alleged to

15  exist by virtue of "statutes creating legal rights, the invasion of which creates

16  standing."  *See Edwards v. First Am. Corp.,* 610 F.3d 514, 517 (9th Cir. 2010)

17  (quoting *Warth v. Seldin,* 422 U.S. 490, 500 (1975)).[3]  In such cases, the "standing

18  question . . . is whether the constitutional or statutory provision on which the claim

19  rests properly can be understood as granting persons in the plaintiff's position a

20  right to judicial relief."  *Id.* (quoting *Warth,* 422 U.S. at 500).  However, "Congress

21  cannot erase Article III's standing requirements by statutorily granting the right to

22  sue to a plaintiff who would not otherwise have standing."  *Raines v. Byrd,* 521

23  U.S. 811, 820 n. 3 (1997).

24

25  [3] The issue of whether a bare violation of a statutory right is sufficient for Article III standing is now before the Supreme Court in *Spokeo, Inc. v. Robins*, 135 S. Ct. 1892, 2015 WL 1879778

26  (Apr. 27, 2015).  Should the Supreme Court rule in favor of the petitioner in *Spokeo*, individuals like Plaintiff could be required to allege an actual injury in order to invoke the jurisdiction of

27  federal courts.

-4-

MOTION TO DISMISS PLAINTIFF'S COMPLAINT
AND TO STRIKE CLASS ALLEGATIONS
Case No. CV 15-2856-PSG-JEM

LEGAL126734599.13

PERKINS COIE LLP
3150 Porter Drive
Palo Alto, CA 94304
Telephone: 650.838.4300
Facsimile: 650.838.4350

1    Subject-matter jurisdiction is generally considered a "threshold issue" for

2   every federal case.  5B Fed. Prac. & Proc. Civ. § 1350 (3d ed.).  Dismissal pursuant

3   to Rule 12(b)(1) for lack of subject matter jurisdiction is appropriate whenever, as

4   here, "the jurisdictional issue depends on facts that are separate and distinct from"

5   the facts going to the merits of a claim.  *Berardinelli v. Castle & Cooke Inc.*, 587

6   F.2d 37, 39 (9th Cir. 1978); *see also Gough v. Rossmoor Corp.*, 487 F.2d 373, 377

7   (9th Cir. 1973).  Even where jurisdictional facts are intertwined with facts going to

8   the merits, a court may dismiss a claim for lack of jurisdiction where "the alleged

9   claim. . . is wholly insubstantial and frivolous." *See Bell v. Hood*, 327 U.S. 678,

10   682-83 (1946).

11    In considering a factual challenge to a 12(b)(1) motion to dismiss for lack of

12   subject matter jurisdiction, a court may "review evidence beyond the complaint

13   without converting the motion to dismiss into a motion for summary judgment" and

14   "need not presume the truthfulness of the plaintiff's allegations."  *Safe Air for*

15   *Everyone,* 373 F.3d 1035, 1039 (9th Cir. 2004); *see also Leyse v. Bank of Am., Nat.*

16   *Ass'n*, No. 09 CIV. 7654 (JGK), 2010 WL 2382400, at *1 (S.D.N.Y. June 14, 2010)

17   (noting in a TCPA case that, "where jurisdictional facts are disputed, the Court has

18   the power and the obligation to consider matters outside the pleadings, such as

19   affidavits, documents, and testimony, to determine whether jurisdiction exists").

20    "Once a party has moved to dismiss for lack of subject matter jurisdiction

21   under Rule 12(b)(1), the opposing party bears the burden of establishing the Court's

22   jurisdiction."  *Fraley v. Facebook, Inc.*, 830 F. Supp. 2d 785, 793 (N.D. Cal. 2011);

23   *see also Savage v. Glendale Union High Sch., Dist. No. 205, Maricopa Cnty.*, 343

24   F.3d 1036, 1040 n.2 (9th Cir. 2003).

25

26

27

-5-

MOTION TO DISMISS PLAINTIFF'S COMPLAINT
AND TO STRIKE CLASS ALLEGATIONS
Case No. CV 15-2856-PSG-JEM

LEGAL126734599.13

PERKINS COIE LLP
3150 Porter Drive
Palo Alto, CA 94304
Telephone: 650.838.4300
Facsimile: 650.838.4350

1

2

### 2.  Plaintiff Has Not Demonstrated Standing And the Phone Number at Issue Is Listed as Belonging to Plaintiff's Counsel, Not Plaintiff

3

Plaintiff here alleges no injury other than the purported violation of the

4  TCPA.  Accordingly, Plaintiff must demonstrate that she is within the class of

5  persons entitled to relief under the TCPA.  *See Edwards,* 610 F.3d at 517 ("The

6  injury required by Article III can exist . . . by virtue of statutes creating legal rights,

7  the invasion of which creates standing.") (internal quotation omitted).[4]  The Court

8  may consider the evidence attached to the Declaration of James G. Snell in Support

9  of Defendant's Request for Judicial Notice in evaluating Defendant's factual

10  challenge to its jurisdiction, even if it denies Defendant's request for judicial notice.

11  *See Safe Air for Everyone,* 373 F.3d at 1039.

12

Plaintiff's TCPA claim arises under the portion of the statute that states that

13  it is unlawful "to make any call (other than a call made for emergency purposes or

14  made with the prior express consent of the called party) using any automatic

15  telephone dialing system or an artificial or prerecorded voice" to a "telephone

16  number assigned to a ... cellular telephone service."  Compl. ¶ 29; 47 U.S.C.

17  § 227(b)(1)(A)(iii).  Accordingly, in order for Plaintiff to have standing she must

18  show that she was the "called party" for the calls at issue.

19

The Ninth Circuit has yet to settle on a definition of "called party."

20  *Heinrichs v. Wells Fargo Bank, N.A.*, No. C 13-05434 WHA, 2014 WL 2142457, at

21  *1 (N.D. Cal. Apr. 15, 2014) ("Our court of appeals has not directly addressed what

22  the specific definition of 'called party' is under Section 227(b)(1)(A).").  However,

23  under cases interpreting TCPA standing, an individual is not a "called party" unless

24  she is at least one of the following: the intended recipient, the subscriber, or the

25

26

27

---

[4] *But see Spokeo, Inc. v. Robins*, 135 S. Ct. 1892, 2015 WL 1879778 (Apr. 27, 2015) (granting certiorari on the issue of whether a plaintiff who suffers no actual damages has standing to recover damages for a violation of a federal statute); *see also, supra,* n. 3.

-6-

MOTION TO DISMISS PLAINTIFF'S COMPLAINT
AND TO STRIKE CLASS ALLEGATIONS
Case No. CV 15-2856-PSG-JEM

LEGAL126734599.13

PERKINS COIE LLP
3150 Porter Drive
Palo Alto, CA 94304
Telephone: 650.838.4300
Facsimile: 650.838.4350

1   regular user of the phone number at issue. [5] *See, e.g., Charkchyan v. EZ Capital,*

2   *Inc.*, No. 2:14-CV-03564-ODW (ASX), 2015 WL 3660315, at *3 (C.D. Cal. June

3   11, 2015) (regular user was the "called party"); *Olney v. Progressive Cas. Ins. Co.*,

4   993 F. Supp. 2d 1220, 1225-26 (S.D. Cal. 2014) ("called party" includes the regular

5   user of the phone); *Page v. Regions Bank,* 917 F. Supp. 2d 1214, 1218 (N.D. Ala.

6   2012) (same); *Gutierrez v. Barclays Group,* No. 10cv1012 DMS (BGS), 2011 WL

7   579238, at *5 (S.D. Cal. Feb. 9, 2011) (("[T]he subscriber . . . has standing to sue

8   for violations of the TCPA."); *Cellco P'ship v. Dealers Warranty, LLC*, No. 09-

9   1814 (FLW), 2010 WL 3946713, at *9 (D.N.J. Oct. 5, 2010) (holding that a carrier

10   was not a called party because "it is the intended recipient of the call that has

11   standing to bring an action for a violation of [the TCPA]").

12          Here, Plaintiff does not allege her phone number in the Complaint and does

13   not sufficiently allege facts from which it could be determined that she was the

14   called party.  She does not allege that she was the intended recipient of the calls, the

15   subscriber to the phone number, *or* the regular user of the phone number.  Nor does

16   it appear she could do so.  Despite Plaintiff's allegations that she began receiving

17   texts from Uber as early as June 2014, public listings identify attorney Nazo

18   Koulloukian, not Plaintiff, as associated with the telephone number at issue.  *See*

19   Snell Decl. at Ex. B (ALP Website Ratings website listing the subject phone

20   number under "Contact info" for Nazo Leon Koulloukian); Ex. C (36Lawyers

21   website listing the subject phone number under the heading, "Nazo Leon

22   Koulloukian's law office phone").

23          Plaintiff cannot satisfy the standing requirement simply by virtue of

24   answering someone else's phone.  *Leyse v. Bank of America National Ass'n*, 2010

25   WL 2382400, at *4 (S.D.N.Y. June 14, 2010)) (declining to confer standing under

26

27   _____
[5] Uber reserves argument regarding which is the appropriate standard, but notes for purposes of this
motion that Plaintiff has failed to satisfy any of them.

the TCPA to incidental recipients, such as the subscriber's roommate who happened to answer a call from defendants); *see also J2 Global Commc'ns, Inc. v. Protus IP Solutions,* No. CV 06-00566 DDP AJWX, 2010 WL 9446806, at *8 (C.D. Cal. Oct. 1, 2010) (holding that, under the TPCA, "'the recipient' of an unsolicited fax is the person to whom the fax is directed and not an unknown intermediary . . .who intercepts the transmission"); *Kopff v. World Research Group, LLC,* 568 F. Supp. 2d 39, 42 (D.D.C. 2008) (plaintiff had no standing to assert TCPA claim for intercepting an unsolicited fax advertisement addressed to plaintiff's husband as president of business).  Such a broad interpretation of TCPA standing would "abrogate the Art. III minima: A plaintiff must always have suffered a distinct and palpable injury to himself, that is likely to be redressed if the requested relief is granted."  *Gladstone Realtors v. Vill. of Bellwood*, 441 U.S. 91, 100 (1979) (internal quotation marks omitted); *see also Raines,* 521 U.S. at 820 n. 3.

Since Plaintiff has not sufficiently alleged that she was the called party, she lacks Article III standing to pursue her claim.  Further, because there is no indication that Plaintiff will be able to rehabilitate her claim given that she cannot allege she was the called party on someone else's telephone, Plaintiff's TCPA claim must be dismissed with prejudice.  *See, e.g.*, *Cellco P'ship*, 2012 WL 1638056 at *7 (dismissing TCPA claims for lack of standing); *Kendall v. Visa U.S.A., Inc.,* 518 F.3d 1042, 1051 (9th Cir. 2008) ("Dismissal without leave to amend is proper if it is clear that the complaint could not be saved by amendment.").

**B.    Plaintiff's UCL Claim Should Be also Dismissed For Lack of Subject Matter Jurisdiction Pursuant to Fed. R. Civ. P. 12(b)(1)**

Because Plaintiff cannot establish standing to bring a claim under the TCPA, she also cannot bring claims under California's Unfair Competition Law, Cal. Bus. & Prof. Code § 17200 (the "UCL").  In general, an unlawful, unfair, or fraudulent

-8-

MOTION TO DISMISS PLAINTIFF'S COMPLAINT
AND TO STRIKE CLASS ALLEGATIONS
Case No. CV 15-2856-PSG-JEM

LEGAL126734599.13

PERKINS COIE LLP
3150 Porter Drive
Palo Alto, CA 94304
Telephone: 650.838.4300
Facsimile: 650.838.4350

business practices claim under the UCL will fail where "the state claim hinges on . . . [a] rejected federal claim." *Renick v. Dun & Bradstreet Receivable Mgmt. Servs.,* 290 F.3d 1055, 1058 (9th Cir. 2002).  Here, Plaintiff's UCL claim hinges on her TCPA claim and thus falls with it. *Id.*; *see also Van Patten v. Vertical Fitness Grp., LLC*, 22 F. Supp. 3d 1069, 1079 (S.D. Cal. 2014) (holding that a UCL unlawful conduct claim predicated on a TCPA violation fails with the TCPA claim and noting that Ninth Cirucit case law "suggests that where a 17200 claim hinges on a rejected federal claim the § 17200 claim fails on *all prongs*") (emphasis in original) (citing *Renick*, 290 F.3d at 1058).

Plaintiff's UCL claim also fails for the independent reason that she has failed to allege economic damages stemming from defendant's allegedly unlawful conduct.  *See* Cal. Bus. & Prof. Code § 17204 (actions for relief under the UCL shall be prosecuted exclusively "by a person who has suffered injury in fact and has lost money or property as a result of the unfair competition."); *see also Kwikset v. Super. Ct.,* 51 Cal. 4th 310, 322 (2011) (same); *Van Patten*, 22 F. Supp. 3d at 1079 (S.D. Cal. 2014) (dismissing UCL claim for lack of standing in TCPA case). Plaintiff does not allege she has lost money or property as a result of Defendant's alleged actions, or that she has suffered any injury other than a statutory violation of the TCPA.  As a result, her UCL claims must be dismissed.  *See Meyer v. Bebe Stores, Inc.*, No. 14-cv-00267-YGR, 2015 WL 431148, at *2 (N.D. Cal. Feb. 2, 2015) (noting that "standing under . . . California's Unfair Competition Law . . . requires a finding of economic injury and is therefore narrower than Article III standing.").

### C.   Plaintiff's Class Allegations Should Be Stricken Pursuant to Fed. R. Civ. P. 12(f) Because She Is Related to Plaintiff's Counsel

Plaintiff's class allegations should be stricken from the Complaint because she is closely related to Plaintiff's counsel, rendering her an inadequate class

MOTION TO DISMISS PLAINTIFF'S COMPLAINT
AND TO STRIKE CLASS ALLEGATIONS
Case No. CV 15-2856-PSG-JEM

LEGAL126734599.13

PERKINS COIE LLP
3150 Porter Drive
Palo Alto, CA 94304
Telephone: 650.838.4300
Facsimile: 650.838.4350

representative.  *See Apple Computer Inc. v. Sup. Ct.,* 126 Cal. App. 4th 1253, 1279 (2005); *Susman v. Lincoln Am. Corp.,* 561 F.2d 86, 90 (7th Cir. 1977).

### 1.   Courts May Strike Class Allegations Where a Plaintiff Would Be an Inadequate Class Representative

A court may strike from any pleading "any redundant, immaterial, impertinent or scandalous matter." Fed. R. Civ. P. 12(f).  "The function of a 12(f) motion to strike is to avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with those issues prior to trial . . . ." *Whittlestone, Inc. v. Handi-Craft Co.,* 618 F.3d 970, 973 (9th Cir. 2010) (internal quotation marks and citations omitted).

"The adequacy of a class representative's representation is at issue at all states of a class action" and should be resolved as early as possible.  *White v. Experian Info. Solutions, Inc.*, No. SACV 05-1070 DOC MLG, 2009 WL 4267843, at *3 (C.D. Cal. Nov. 23, 2009) (citing *Christman v. Bruavin Realty Advisors, Inc.,* 191 F.R.D. 142, 146 (N.D.Ill. 1999)); *see also* 7A Fed. Prac. & Proc. Civ. § 1765 (3d ed.) ("What constitutes adequate representation . . . should be determined at the earliest practicable time.").  Accordingly, district courts may strike class allegations prior to discovery where it is apparent from the pleadings that a class cannot be maintained.  *See Sutcliffe v. Wells Fargo Bank, N.A.,* No. C-11-06595 JCS, 2012 WL 4835325, at *4 (N.D. Cal. Oct. 9, 2012) (citing *Hovsepian v. Apple, Inc.,* No. 8-5788 JF (PVT), 2009 WL 5069144, at *2 (N.D. Cal. Dec.17, 2009)); *see also Kamm v. Cal. City Dev. Co.,* 509 F.2d 205, 212–213 (9th Cir. 1975) (concluding that the district court did not abuse its discretion in dismissing plaintiffs' class action claims and striking class allegations at the pleading stage).

A plaintiff is not an adequate class representative when there exists an impermissibly close relationship between the plaintiff and plaintiff's counsel.  *See, e.g., Hale v. Citibank N.A.*, 198 F.R.D. 606, 607 (S.D.N.Y. 2001) (denying class

-10-

MOTION TO DISMISS PLAINTIFF'S COMPLAINT
AND TO STRIKE CLASS ALLEGATIONS
Case No. CV 15-2856-PSG-JEM

LEGAL126734599.13

PERKINS COIE LLP
3150 Porter Drive
Palo Alto, CA 94304
Telephone: 650.838.4300
Facsimile: 650.838.4350

1  certification due to a potential conflict of interest between the class representatives'

2  duties to the prospective class and her husband's financial interest in the attorneys'

3  fees, if any, obtained by the law firm proposed to represent the class); *Zlotnick v.*

4  *Tie Communications, Inc.*, 123 F.R.D. 189, 194 (E.D. Penn. 1988) (denying class

5  certification because plaintiff could not show that he was an adequate representative

6  for the proposed class because his son was putative class counsel); *see also Susman*,

7  561 F.2d 86; *Charal v. Andes*, 81 F.R.D. 99 (E.D. Penn. 1979).

8       Where, as here, the facts forming the basis for striking class allegations are

9  known at the time a response to the Complaint is required, there is no reason for

10  delay and striking class allegations is appropriate.  *See In re California Micro*

11  *Devices Secs. Litig.,* 168 F.R.D. 257, 260-61 (N.D. Cal. 1996) (determining,

12  prior to motion for class certification, that none of the named plaintiffs could

13  fairly and adequately represent the proposed class and that plaintiff's counsel

14  had "effectively appointed itself class representative," violating the rule against

15  serving as both class counsel and class representative); *Missud v. Oakland*

16  *Coliseum Joint Venture*, No. 12-02967 JCS, 2013 WL 812428, at *26 (N.D. Cal.

17  March 5, 2014) (striking class allegations on motion to dismiss); *Watkins v.*

18  *Sanders*, No. 08-CV-1615-W-BLM, 2008 WL 5233184, at *3 (S.D. Cal. Dec. 12,

19  2008) (same).

20       ## 2.    Plaintiff Cannot Adequately Represent the Interests of Class Members

21       Under both Federal and California law, it is well-settled that putative class

22  counsel may not have a close relationship with a representative plaintiff.  *See Apple*

23  *Computer Inc.,* 126 Cal. App. 4th at 1279 (class representative could not be

24  represented by own firm and another firm with which he had a close relationship));

25  *Susman,* 561 F.2d at 90 ("The lower court's decision is supported by a majority of

26  courts which have refused to permit class attorneys, their relatives, or business

27

-11-

MOTION TO DISMISS PLAINTIFF'S COMPLAINT
AND TO STRIKE CLASS ALLEGATIONS
Case No. CV 15-2856-PSG-JEM

LEGAL126734599.13

PERKINS COIE LLP
3150 Porter Drive
Palo Alto, CA 94304
Telephone: 650.838.4300
Facsimile: 650.838.4350

1  associates from acting as the class representatives."). "It is also improper for an

2  attorney to represent a class when the named plaintiff is the attorney's spouse or

3  child." 1 Newberg on Class Actions (4th ed.2002) § 3:40 pp. 522–523 (footnotes

4  omitted); *see also* Vapnek et al., Cal. Practice Guide: Professional Responsibility

5  (The Rutter Group 2004) ¶ 4:157.27, pp. 4–56.5 to 4–56.6) ("[C]ourts generally

6  refuse to permit the named plaintiff to employ as counsel for the class a law partner

7  or associate; or a spouse; or member of the family.").

8        Courts across the United States have found impermissibly close ties between

9  the representative plaintiff and class counsel where, for example, the representative

10  plaintiff was:

11  • the spouse of putative class counsel (*Lyon v. State of Arizona,* 80 F.R.D. 665

12     (D. Ariz. 1978));

13  • the spouse of an attorney in a fee-splitting arrangement with putative class

14     counsel (*Hale v. Citibank, NA.,* 198 F.R.D. 606 (S.D.N.Y. 2001));

15  • the father of the putative class counsel *(Zlotnick v. Tie Commc'ns, Inc.,* 123

16     F.R.D. 189 (E.D. Penn. 1988));

17  • the brother of putative class counsel (*Susman v. Lincoln American Corp.,* 561

18     F.2d 86) (7th Cir. 1977));

19  • a partner in putative class counsel's law firm (*Kramer v. Scientific Control

20     Corp.,* 534 F.2d 1085 (3rd Cir. 1976)); and

21  • an employee of putative class counsel (*Charal v. Andes,* 81 F.R.D. 99 (E.D.

22     Penn. 1979)).

23        There are three primary reasons that courts do not permit counsel with a

24  close relationship with the representative plaintiff to act as class counsel in a

25  putative class action. First, the relationship creates an improper conflict of interest,

26  especially when the potential recovery of attorneys' fees is likely to greatly exceed

27  the amount (if any) that putative class members might recover. *Apple Computer*

-12-

MOTION TO DISMISS PLAINTIFF'S COMPLAINT
AND TO STRIKE CLASS ALLEGATIONS
Case No. CV 15-2856-PSG-JEM

LEGAL126734599.13

PERKINS COIE LLP
3150 Porter Drive
Palo Alto, CA 94304
Telephone: 650.838.4300
Facsimile: 650.838.4350

1    *Inc.,* 126 Cal. App. 4th at 1261; *Susman,* 561 F.2d at 91.  Second, the close

2    relationship compromises counsel's ability to maintain the necessary objectivity to

3    view the litigation from the perspective of all putative class members.  *See Lyon,* 80

4    F.R.D. at 668.  Third, the relationship creates an "appearance of impropriety."  *See*

5    *Kramer,* 534 F.2d at 1088-89.

6        For example, in *Hale,* the named plaintiff was the wife of an attorney who

7    regularly referred cases to the law firm representing her in a class action.  198

8    F.R.D. at 607.  The plaintiff's husband had an arrangement with the firm that, if the

9    cases were resolved and settled in favor of plaintiffs, he would be compensated for

10    his contribution.  *Id.*  The court denied class certification because, among other

11    reasons, the named plaintiff could not adequately represent the interests of the

12    putative class, finding that the plaintiff's relationship with her law firm via her

13    husband would "inevitably cause [her] to confuse her fiduciary duty to the

14    prospective class with her interest in protecting and advancing her husband's

15    contingent financial relations with the [law] firm." *Id.*  Plaintiff's relationship to

16    the attorneys representing her is even more direct than the relationship the court

17    found inappropriate in *Hale.*  Here, Plaintiff appears to be the mother of an

18    attorney, Nazo Koulloukian, who *is actually employed* by the same law firm

19    representing her in this action.  Records attached to Defendant's Request for

20    Judicial Notice indicate that Nazo Koulloukian appears to be Plaintiff's son, as he

21    shares a name with Plaintiff's spouse, and is a current or former resident at the

22    address of property that Plaintiff owns.  *See* Snell Decl. at Exs. B-C & F-G.

23    Further, the cell phone number that is the subject of this lawsuit is publicly listed as

24    belonging to Plaintiff's counsel.  *Id.* at Exs. B, C.  Like the named plaintiff in *Hale*,

25    Plaintiff here cannot be relied on to adequately represent the purported class

26    because her relationship with one of her firm's attorneys will inevitably cause her to

27    place the interests of her son above those of other class members.  Plaintiff is an

-13-

MOTION TO DISMISS PLAINTIFF'S COMPLAINT
AND TO STRIKE CLASS ALLEGATIONS
Case No. CV 15-2856-PSG-JEM

LEGAL126734599.13

PERKINS COIE LLP
3150 Porter Drive
Palo Alto, CA 94304
Telephone: 650.838.4300
Facsimile: 650.838.4350

1   inadequate class representative and Plaintiff's class claims should be stricken.  *See*

2   *Missud*, 2010 WL 2382400 at *5 (striking class allegations on motion to dismiss).

3        Acknowledging the impropriety of the relationship, counsel for Plaintiff,

4   Andre Jardini, informed Uber's counsel on July 6, 2015, that Mr. Joseph Farzam

5   would be withdrawing as counsel for Plaintiff.  *See* Snell Decl. ¶ 10.  That step,

6   however, has not yet happened nor would it clear the conflict.  Mr. Jardini

7   (Plaintiff's other counsel) is listed on the Joseph Farzam Law Firm Website as co-

8   counsel directly beneath the biography of Nazo Koulloukian.  *Id.* at Ex. D.

9   Accordingly, Mr. Farzam's withdrawal is immaterial; a conflict of interest would

10  continue to exist.  *See also Apple Computer*, 126 Cal. App. 4th at 1274 ("Cagney's

11  other counsel, the Sigel firm, must be disqualified—even though Cagney does not

12  work there—because of the close business connection between Cagney, Westrup

13  Klick, and the Sigel firm."); *Kramer*, 534 F.2d at 1092 (noting that to argue that "an

14  appearance of an improper conflict of interest inherent in one partner's dual role as

15  class representative and as class counsel vanishes when his partner is substituted as

16  class counsel" is "[t]o argue . . . against reality, against the vagaries of human

17  nature, and against widely-held public impressions of the legal profession");

18  *Jaroslawicz v. Safety Kleen Corp.*, 151 F.R.D. 324, 328-29 (N.D. Ill. 1993) ("[A]

19  court may find a conflict of interest based on the relationship between the class

20  representative and class counsel even though the class representative will not share

21  in attorney's fees from that case.").

22        Accordingly, if Plaintiff's claim is not dismissed for lack of subject matter

23  jurisdiction, the Court must strike Plaintiff's class allegations because Plaintiff

24  cannot adequately represent the interests of class members.  *See Apple Computer,*

25  *Inc.,* 126 Cal. App. 4th at 1279; *Susman,* 561 F.2d at 90.

26

27

-14-

MOTION TO DISMISS PLAINTIFF'S COMPLAINT
AND TO STRIKE CLASS ALLEGATIONS
Case No. CV 15-2856-PSG-JEM

LEGAL126734599.13

PERKINS COIE LLP
3150 Porter Drive
Palo Alto, CA 94304
Telephone: 650.838.4300
Facsimile: 650.838.4350

1

## IV.    CONCLUSION

2        For the above-stated reasons, Uber respectfully requests that the Court grant

3  its Motion to Dismiss Plaintiff's Complaint in its entirety without leave to amend.

4  In the alternative, Uber respectfully requests that the Court strike the class

5  allegations from Plaintiff's Complaint.

6

7  DATED:  July 10, 2015                 **PERKINS COIE** LLP

8

9                                        By:  /s/ *James Snell*

10                                       James G. Snell
                                         Nicola C. Menaldo

11                                       Attorneys for Defendant
                                         Uber Technologies, Inc.

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

-15-

MOTION TO DISMISS PLAINTIFF'S COMPLAINT
AND TO STRIKE CLASS ALLEGATIONS
Case No. CV 15-2856-PSG-JEM

LEGAL126734599.13

PERKINS COIE LLP
3150 Porter Drive
Palo Alto, CA 94304
Telephone: 650.838.4300
Facsimile: 650.838.4350