| | |
|---|---|
| 1 | James G. Snell (Bar No. 173070) |
| | jsnell@perkinscoie.com |
| 2 | PERKINS COIE LLP |
| | 3150 Porter Drive |
| 3 | Palo Alto, California 94304-1212 |
| | Telephone: (650) 838.4300 |
| 4 | Facsimile:  (650) 838.4350 |
| 5 | Nicola C. Menaldo, *pro hac vice pending* |
| | nmenaldo@perkinscoie.com |
| 6 | PERKINS COIE LLP |
| | 1201 Third Avenue, Suite 4900 |
| 7 | Seattle, WA  98101-3099 |
| | Telephone: (206) 359-8000 |
| 8 | Facsimile:  (206) 359-9000 |
| 9 | Attorneys for Defendant |
| | Uber Technologies, Inc. |

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ASFIKE KOLLOUKIAN, on behalf of herself and those similarly situated, | Case No. CV 15-2856-PSG-JEM |
| Plaintiff, | **DEFENDANT'S REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF MOTION TO DISMISS PLAINTIFF'S COMPLAINT AND TO STRIKE CLASS ALLEGATIONS** |
| v. | |
| UBER TECHNOLOGIES, INC., | |
| Defendant. | Date:     August 31, 2015 |
| | Time:     1:30 p.m. |
| | Courtroom: 880 |
| | Judge:    Hon. Philip S. Gutierrez |

I.     **REQUEST FOR JUDICIAL NOTICE**

Defendant Uber Technologies, Inc. ("Uber") hereby respectfully requests that the Court take judicial notice of documents attached as Exhibits A-G to the Declaration of James G. Snell in Support of Defendant's Request for Judicial Notice ("Snell Decl."). This request is made in connection with Defendant's Motion to Dismiss Plaintiff's Complaint and to Strike Class Allegations.

DEFENDANT'S REQUEST FOR JUDICIAL NOTICE
Case No. CV 15-2856-PSG-JEM
LEGAL126735487.4

-1-

PERKINS COIE LLP
3150 Porter Drive
Palo Alto, CA 94304
Telephone: 650.838.4300
Facsimile: 650.838.4350

1  The standard for judicial notice is set forth in Rule 201 of the Federal Rules of Evidence, which allows a court to take judicial notice of an adjudicative fact not subject to "reasonable dispute," either because it is "generally known within the territorial jurisdiction of the trial court" or it is "capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201; *see also Lee v. City of Los Angeles,* 250 F.3d 668, 688 (9th Cir. 2001) (a district court may take judicial notice of "matters of public record," but not facts that may be "subject to reasonable dispute"). A court "must take judicial notice if a party requests it and the court is supplied with the necessary information." Fed. R. Evid. 201(c)(1). "As a general matter, websites and their contents may be proper subjects for judicial notice." *Caldwell v. Caldwell*, No. C 05-4166 PJH, 2006 WL 618511, at *4 (N.D. Cal. Mar. 13, 2006) *order clarified*, No. C 05-4166 PJH, 2006 WL 734405 (N.D. Cal. Mar. 20, 2006) (citing *Wible v. Aetna Life Ins. Co.,* 375 F.Supp.2d 956, 965 (C.D.Cal.2005) ).

In addition, on a motion to dismiss, a court may consider evidence incorporated by reference in a complaint if, "(1) the complaint refers to the document; (2) the document is central to plaintiff's claim; and (3) no party questions the authenticity of the document." *Marder v. Lopez,* 450 F.3d 445, 448 (9th Cir. 2006). The Ninth Circuit takes an "expansive view" of the incorporation by reference doctrine, recognizing that "[e]ven if a document is not attached to a complaint, it may be incorporated by reference into a complaint if the plaintiff refers extensively to the document or the document forms the basis of the plaintiff's claim." *United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003). The purpose of this expansive approach is to prevent plaintiffs from surviving a motion to dismiss "by deliberately omitting . . . documents upon which their claims are based." *Swartz v. KPMG LLP*, 476 F.3d 756, 763 (9th Cir. 2007) (internal quotation marks and citation omitted).

DEFENDANT'S REQUEST FOR JUDICIAL NOTICE
Case No. CV 15-2856-PSG-JEM
LEGAL126735487.4
-2-
PERKINS COIE LLP
3150 Porter Drive
Palo Alto, CA 94304
Telephone: 650.838.4300
Facsimile: 650.838.4350

|   |   |
|---|---|
| 1 | Uber requests that this Court take judicial notice of the following: |
| 2 | (1)   The phone number underlying Plaintiff's complaint is 818-389- |
| 3 | 3862.  *See* Snell Decl. at Ex. A. |

Plaintiff's complaint refers to "Plaintiff's cellular phone line," Compl. ¶1, and text messages to this phone line form the basis of Plaintiff's Complaint.  On June 5, 2015, Plaintiff's counsel represented by email that the above phone number is "the phone number at issue" in this litigation.  Snell Decl. ¶ 2.  Plaintiff cannot reasonably question the authenticity of the email her counsel sent representing that the phone number above is the phone number to which her Complaint refers.  Accordingly, the Court may take judicial notice of the phone number and the fact that it underlies Plaintiff's allegations.  *Cf. Global Acquisitions Network v. Bank of Am. Corp.*, No. CV 12-08758 DDP CWX, 2013 WL 604159, at *8 (C.D. Cal. Feb. 19, 2013) (taking judicial notice that a phone number belonged to defendant).

(2)   Screenshots from two publicly available websites that associate both the phone number at issue and ▇▇▇▇▇▇▇, Burbank, CA ▇▇▇ with an individual named Nazo Koulloukian.  *See* Snell Decl. at Exs. B & C.

Plaintiff's complaint relies on an inference that the phone number at issue belongs to or is associated with Plaintiff.  However, it is "capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned," that, *to this date*, two publicly available websites associate the above phone number not with Plaintiff but with Plaintiff's counsel Nazo Koulloukian. Fed. R. Evid. 201.  These websites also associate Nazo Koulloukian with the property address Plaintiff owns.  Defendant seeks judicial notice of the fact that the referenced websites exist and contain information associating Nazo Koulloukian with the phone number and address of Plaintiff.  *Wible v. Aetna Life Ins. Co.*, 375 F.Supp.2d 956, 965 (C.D.Cal. 2005) (taking judicial notice of websites, including

DEFENDANT'S REQUEST FOR JUDICIAL NOTICE
Case No. CV 15-2856-PSG-JEM
LEGAL126735487.4
-3-
PERKINS COIE LLP
3150 Porter Drive
Palo Alto, CA 94304
Telephone: 650.838.4300
Facsimile: 650.838.4350

1  two Amazon websites).  The fact that these websites contain this information is not
2  subject to reasonable dispute.  *Lee,* 250 F.3d at 689.

3     (3)    Screenshots from the publicly available website for the Joseph
4             Farzam Law Firm, which describes (a) Nazo Koulloukian as an
5             attorney practicing at the firm and (b) Andre E Jardini as co-
6             counsel at the firm.  *See* Snell Decl. at Ex. D.

7      The fact that the referenced website lists Nazo Koulloukian and Andre
8  Jardini as attorneys practicing at the law firm representing Plaintiff is "capable of
9  accurate and ready determination by resort to sources whose accuracy cannot
10 reasonably be questioned."  Fed. R. Evid. 201; *Cf. Knievel*, 393 F.3d at 1076.
11 Plaintiff cannot reasonably dispute this fact.  *See Lee,* 250 F.3d at 689.

12     (4)    Screenshots from the publicly available website for the California
13             State Bar, which describes Nazo Koulloukian as an attorney
14             practicing at the Joseph Farzam Law Firm.  *See* Snell Decl. at Ex.
15             E.

16     The fact that the referenced website lists Nazo Koulloukian as an attorney
17 practicing at the law firm representing Plaintiff is "capable of accurate and ready
18 determination by resort to sources whose accuracy cannot reasonably be
19 questioned."  Fed. R. Evid. 201; *Cf. Knievel*, 393 F.3d at 1076.  Plaintiff cannot
20 reasonably dispute this fact.  *See Lee,* 250 F.3d at 689.

21     (5)    Screenshots from a publicly available website that lists Plaintiff's
22             address as belonging to Leon Koulloukian and Asfike Koulloukian.
23             *See* Snell Decl. at Ex. F.

24     The fact that the referenced website associates the above address with
25 Plaintiff is "capable of accurate and ready determination by resort to sources whose
26 accuracy cannot reasonably be questioned."  Fed. R. Evid. 201; *Cf. Knievel*, 393

27

DEFENDANT'S REQUEST FOR JUDICIAL NOTICE
Case No. CV 15-2856-PSG-JEM
LEGAL126735487.4
-4-
PERKINS COIE LLP
3150 Porter Drive
Palo Alto, CA 94304
Telephone: 650.838.4300
Facsimile: 650.838.4350

1  F.3d at 1076. Plaintiff cannot reasonably dispute this fact. *See Lee,* 250 F.3d
2  at 689.
3        (6)    The Trust Transfer Deed describing a transfer of property at the
4               subject address from Leon and Asfike Koulloukian to the
5               Revocable Trust of Leon and Asfike Koulloukian. *See* Snell Decl.
6               at Ex. G.
7        It is a "matter of public record" that Plaintiff and Leon Koulloukian
8  transferred property at the subject address to a trust belonging to themselves. *Lee,*
9  250 F.3d at 689. Plaintiff cannot reasonably dispute this fact. *Id.*
10       For the foregoing reasons, Exhibits A-G may be properly considered by the
11 Court in ruling on Defendant's Motion to Dismiss Plaintiff's Complaint and to
12 Strike Class Allegations. Should the Court decline to take Judicial Notice of one or
13 more of the Exhibits A-G, Defendant respectfully requests that the Court
14 nonetheless consider such evidence in ruling on Defendant's motion to dismiss
15 pursuant to Fed. R. Civ. P. 12(b)(1). *See Safe Air for Everyone,* 373 F.3d 1035,
16 1039 (9th Cir. 2004) (permitting a court to review extrinsic evidence on a factual
17 jurisdictional challenge under Rule 12(b)(1)).

18 DATED: July 10, 2015        **PERKINS COIE LLP**
19
20                              By: /s/ *James Snell*
21                              James G. Snell
                                Nicola C. Menaldo
22                              Attorneys for Defendant
                                Uber Technologies, Inc.
23
24
25
26
27

DEFENDANT'S REQUEST FOR JUDICIAL NOTICE
Case No. CV 15-2856-PSG-JEM
LEGAL126735487.4
-5-
PERKINS COIE LLP
3150 Porter Drive
Palo Alto, CA 94304
Telephone: 650.838.4300
Facsimile: 650.838.4350